CL

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARQUIS MAJAHAD REB-EL | |
| Plaintiff, | |
| v. | Civ. No. 09-1888 (SRC) |
| FIDELITY MASSACHUSSETTS INCOME FUND, et al, | ORDER |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on the application of pro se Plaintiff Marquis

Majahad Reb-El to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915.

Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma

pauperis status pursuant to 28 U.S.C. § 1915.  However, having thoroughly reviewed Plaintiff's

allegations, the Court finds that sua sponte dismissal of the Complaint is required pursuant to 28

U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state any valid claim for relief.

At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court

construes the pleadings liberally and holds them to a less stringent standard than those filed by

attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972). 28 U.S.C. §1915 governs proceedings

filed in forma pauperis, and is designed to ensure that individuals with limited financial resources

have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, to prevent abusive or captious litigation, Section 1915 requires the Court to examine the merits of the claims asserted and requires dismissal if the complaint is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  Under 28 U.S.C. §1915(e)(2)(B)(ii), the Court must dismiss all or part of an action which fails to state a claim upon which relief may be granted.  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

A review of the Complaint makes clear that Plaintiff has not alleged any viable claims for relief.  In truth, the Complaint is completely incomprehensible.  Plaintiff styles this action as one seeking a "Demand to Quash Fraudulent Indictment by Affidavit & Notice" against Defendant Fidelity Massachusetts Municipal Income Fund, as well as Defendants denominated as "the United States Incorporated" and "the State of New Jersey Incorporated."   After a thorough review of the Complaint, the Court is left completely clueless as to what claims are being asserted by Plaintiff.  The Court's best guess is that, in light of Plaintiff's IFP application, which indicates that there appears to be a pending surety action in the Superior Court for the State of

New Jersey, Plaintiff is apparently seeking to quash service of the subpoena in the state action or somehow enjoin the state action entirely.  In addition to the fact that the Complaint is unintelligible and does not state a valid claim for relief, this Court has a strong interest in avoiding piecemeal litigation, promoting judicial economy and in avoiding inconsistent outcomes.  Moreover, because the issue in the pending state action appears to be one involving state corporate and surety laws, the State of New Jersey has a strong interest in having its own courts decide the issues already pending before the state court.  Under these circumstances, this Court must dismiss the Complaint 28 U.S.C. §1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS** on this 21st day of July 2009,

**ORDERED** the Plaintiff's application to proceed in forma pauperis is **GRANTED** and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2); and it is further

**ORDERED** that this case is **CLOSED**.

_____s/ Stanley R. Chesler_____
**STANLEY R. CHESLER, U.S.D.J.**